**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**ALEXANDER PANEK,**

                                   Petitioner,

                                  v.                                    5:04-CV-94
                                                                           (FJS)

**UNITED STATES OF AMERICA,**

                                   Respondent.

---

**APPEARANCES**                                   **OF COUNSEL**

**ALEXANDER PANECK**
**Reg. No. 08311-052**
LSCI Allenwood
P.O. Box 1000
White Deer, Pennsylvania 17887
Petitioner *pro se*

**OFFICE OF THE UNITED STATES**      **EDWARD R. BROTON, AUSA**
**ATTORNEY**
100 South Clinton Street
Syracuse, New York 13261
Attorneys for Respondent

**SCULLIN, Chief Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

    Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 asserts two grounds for relief: (1) that the Court should correct his sentence for money laundering in light of its correction of his sentence for conspiracy to possess with the intent to distribute marijuana because the marijuana conspiracy sentence is the controlling sentence of the

conviction and (2) that the Court should not have enhanced his marijuana conspiracy sentence based upon a previous drug conviction because the Government abandoned its requests for a sentence enhancement.

Petitioner has also filed a motion to amend his § 2255 motion in light of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), arguing that he neither admitted nor did the jury find the facts supporting his sentences and that, thus, the sentences violated his Sixth Amendment right to a jury trial.

Currently before the Court is Petitioner's motion for reconsideration of the Court's March 1, 2005 Memorandum-Decision and Order ("MDO").

## II. BACKGROUND

The Court incorporates by reference the statement of facts in its March 1, 2005 MDO. *See* Dkt. No. 6 at 1-4. In that MDO, the Court concluded (1) that Petitioner had failed to appeal from the amended judgment to assert his contention that the Court must reduce his money laundering sentence to agree with his marijuana conspiracy sentence, (2) that the Second Circuit had already determined that the Court had properly determined his money laundering sentence, (3) that the Second Circuit had already determined the propriety of his enhanced marijuana conspiracy sentence, and (4) that Petitioner could not assert a *Blakely* claim on collateral review. *See id.* at 5, 8, 9, 12. Accordingly, the Court denied Plaintiff's motion to vacate, set aside, or correct his sentence and his motion to amend his § 2255 motion. *See id.* at 12-13.

On March 15, 2005, Petitioner filed his motion for reconsideration.

### III. DISCUSSION

Petitioner's motion for reconsideration argues that the Court should resentence him because it imposed his initial sentences in violation of his Fifth Amendment due process rights and his Sixth Amendment right to a jury trial.

"A motion for reconsideration is not to be used as a second opportunity to advance arguments already rejected, or to present evidence that was available but not previously introduced." *ITT Commercial Fin. Corp. v. Harsco Corp.*, No. 91 CV 0793, 1999 WL 6922, *1 (N.D.N.Y. Jan. 6, 1999) (citation omitted). "The grounds justifying reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error or prevent manifest injustice." *Id.* (citations omitted). Petitioner's current motion is merely an extended version of the *Blakely* claim that he made in his previous motion to amend his § 2255 motion. The Court, in its MDO, expressly considered and rejected Petitioner's *Blakely* claim. *See* Dkt. No. 6 at 10-12. Petitioner has not presented any ground that would justify the Court's reconsideration of this issue. Accordingly, the Court denies Petitioner's motion for reconsideration of the Court's March 1, 2005 MDO.[1]

---

[1] Petitioner was required to serve a copy of his motion for reconsideration upon the Government, *see* Fed. R. Civ. P. 5(a), and to provide the Court with an affidavit or certification declaring that he had made such service, *see* L.R. 5.1(a). Petitioner indicates that he has served his motion on the Court. *See* Dkt. No. 8 at 7. However, there is no indication in the record that Petitioner has served his motion for reconsideration upon the Government. Petitioner's failure to properly serve the Government constitutes a further ground for denial of his motion.

## IV. CONCLUSION

After carefully considering the file in this matter, Petitioner's submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Petitioner's motion for reconsideration of the Court's March 1, 2005 MDO is **DENIED.**

**IT IS SO ORDERED.**

Dated: June 20, 2005
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Chief United States District Court Judge